IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HONG M. NGUYEN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 18-156 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) ECF No. 25 |
| HOLDING ACQUISITION CO. LP *doing business as* RIVER CASINO, | ) |
| | ) |
| Defendant. | ) |

## **OPINION**

Presently before the Court is a Motion to Dismiss the Complaint filed in the above-captioned action. ECF No. 25. For the reasons that follow, the Motion to Dismiss will be granted.

### I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Hong M. Nguyen ("Plaintiff"), proceeding *pro se*, initiated this action against Defendant Holding Acquisition Co. LP, doing business as River Casino ("Defendant") on February 5, 2018, following what appears to have been an unsuccessful night of gambling on February 2, 2018. Although Plaintiff's Complaint is less than clear, it appears that he objects to the manner in which the dealer at River Casino's Blackjack table, where Plaintiff was playing, conducted the game. ECF No. 15. Specifically, Plaintiff alleges that "The Manager of River Casino was oath in the public during the game and made me to choose two option that to take the car of somebody else refuse and lost the game, OR stay in 14point and lost the game.in the best was $1,000 per that hand." Id. at 2. Plaintiff alleges that, as a result of the actions of Defendant, he lost money. Plaintiff seeks reimbursement of money lost that night, court costs and damages for mental and physical suffering he endured as a result of Defendant's action. Id.

Defendant filed the instant Motion to Dismiss and a Brief in Support on August 2, 2018. ECF Nos. 25-26. Plaintiff responded to the Motion to Dismiss on August 13, 2018. ECF No. 33. As such, the Motion to Dismiss is ripe for consideration. For the following reasons, it is respectfully recommended that the Motion to Dismiss be granted.

## II.   STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Retirement System v. The Chubb Corp., 39 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the

2

proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim"). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## III. DISCUSSION

In support of its Motion to Dismiss, Defendant argues that Plaintiff does not articulate how the alleged dealing error amounts to a violation of Plaintiff's federally protected rights. ECF No. 26 at 4. Indeed, the Court is unable to discern a valid cause of action advanced by Plaintiff in his Complaint.

In the Complaint, Plaintiff sets forth a section entitled "My civil right;" however, therein he does not make an identifiable claim, stating: "The River casino was oath my in public to laugh . even I was aske her to go to the office or the general Manager she did not let me talk the any once else in the office of the Casino. She was force me to take 2 option that I was lost my money in the game. Why I only have 2 option given by them in the public." ECF No. 15 at 3.

Even with a generous reading of the Complaint afforded by the Court to Plaintiff as a *pro se* litigant, the Complaint does not contain sufficient facts to state a claim to relief that is plausible on its face or from which the Court could draw the reasonable inference that Defendant is liable. The Court notes that Plaintiff's response to the Motion to Dismiss does not contain any coherent helpful facts or argument.

Finally, the Court notes that a previous action by Plaintiff against Defendant was dismissed based on lack of jurisdiction where Plaintiff failed to allege any federal claim or the

3

existence of diversity jurisdiction where, *inter alia*, the parties were citizens of different states. Order, Hong Manh Nguyen v. River Casino, Civ. A. No. 14-683 (W.D. Pa. March 20, 2015) (citing 28 U.S.C. §§ 1331, 1332), ECF No. 32. The same defects exist in this action.

## IV. CONCLUSION

For all of the above-stated reasons, the Motion to Dismiss, ECF No. 25, will be granted. Further, it is clear to the Court that the defects in the Complaint are not capable of remedy, thus, the Complaint will be dismissed with prejudice.

## ORDER

AND NOW, this 21st day of August, 2018, for the reasons set forth herein, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, ECF No. 25, is GRANTED with prejudice.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Hong M. Nguyen
952 Sleepy Hollow Road
Castle Shannon, PA 15234

All counsel of record via CM-ECF

4